IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA RICE, on behalf of
minor child K.J.B.,

                            Petitioner,                    OPINION AND ORDER

    v.

                                            26-cv-265-wmc

FABIAN BASINA and
JUDGE BEEKSMA,

                            Respondents.

---

Petitioner Vanessa Rice, who is representing herself, has filed a federal petition for a writ of habeas corpus on behalf of her minor child, K.J.B., in connection with a custody dispute with the child's biological father now pending before a tribal court. (Dkt. #1.) Petitioner has filed a declaration in support, a supplement, a notice of recent developments in the ongoing custody proceedings, and a request for expedited review. (Dkts. ##2, 5, 6.) Because petitioner is proceeding without prepayment of the filing fee, the court must screen the petition and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The court also has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). In screening complaints and petitions drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, the petition must be dismissed for the reasons explained below, including a fundamental lack of subject matter jurisdiction in this court.

ALLEGATIONS OF FACT[1]

Petitioner Vanessa Rice is a resident of Rib Lake, Wisconsin, whose father was "of full-blooded Cherokee descent."   Rice and respondent Fabian Basina are presently embroiled in a child custody dispute that is pending before the Red Cliff Band of Lake Superior Chippewa Tribal Court (the "Red Cliff Tribal Court").[2]  According to Rice, Basina obtained a judgment of paternity establishing that he is the father of Rice's minor child, K.J.B.  However, Rice disputes this and has requested genetic testing.  Although Basina was granted custody of K.J.B. under the terms of a temporary restraining order in 2024, it appears that Rice and Basina now have joint custody of the child under an order entered by the Red Cliff Tribal Court in Case No. 24-DV-07/8518PA07 on December 25, 2025. (Dkt. #3-2.)

Rice alleges that Basina violated the Red Cliff Tribal Court's custody order by holding the child at his "off-reservation residence" in Washburn, Wisconsin, and by refusing to return her to Rice's custody on March 21, 2026.  Specifically, Rice seeks to dispute Basina's paternity and is challenging several orders that were entered by the Red Cliff Tribal Court regarding K.J.B.'s placement.  More generally, invoking the Indian Civil Rights Act, 25 U.S.C. § 1303, Rice asks this court to intervene in the underlying child

---

[1] For purposes of this opinion, the court accepts all of plaintiff's factual allegations as true, construing them liberally and viewing them in the light most favorable to plaintiff.  *Arnett*, 658 F.3d at 751.

[2] Rice does not expressly indicate whether she or Basina are affiliated with the Red Cliff Band of Lake Superior Chippewa and offers no explanation for the Red Cliff Tribal Court's jurisdiction. Exhibits provided by Rice appear to reflect that Basina is a tribe member and has sought tribal enrollment for his daughter.  (Dkt. #5-1, at 2.)

custody dispute by issuing a writ of habeas corpus for K.J.B.'s "release" from Basina's "custody."

OPINION

A number of procedural and jurisdictional hurdles prevent this case from proceeding past the initial screening stage. To begin, in courts of the United States "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, but they cannot represent others while also representing themselves. This means that parents cannot litigate the claims of their children unless they obtain counsel. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *Tuttle v. Ill. Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order); *see also Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney."). This appears true in Tribal Court as well, where K.J.B. is being represented by a guardian *ad litem*.

Even more importantly, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Id*. The party invoking jurisdiction always bears the "burden of showing its existence." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Generally, federal district courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a state law claim against

3

a citizen of another state that amounts to more than $75,000. 28 U.S.C. § 1332.  Because petitioner does not attempt to establish that diversity of citizenship exists, nor does that appear at all likely, this court only has subject matter jurisdiction if petitioner's claims arise under the United States Constitution or other federal law.

Here, petitioner invokes the Indian Civil Rights Act, 25 U.S.C. § 1303, which provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his *detention* by an order of an Indian tribe."  (emphasis added).  However, this statute does not assist petitioner.  To establish ICRA jurisdiction, a petitioner must demonstrate that she has been "detained" as that term is used in § 1303.  *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010).  Petitioner not only fails to allege this, but federal habeas corpus review is otherwise "not available to challenge parental rights or child custody."  *Azure-Lone Fight v. Cain*, 317 F. Supp. 2d 1148, 1150 (D.N.D. 2004) (citing *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 508-12 (1982); and *Wells v. Philbrick*, 486 F. Supp. 807, 809 (D.S.D. 1980)).  Accordingly, ICRA does not afford a basis for federal subject matter jurisdiction.  *See Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1279 (10th Cir. 2006) (a person must be "detained" for federal courts to have jurisdiction under § 1303).

Further, it is evident from the pleadings and exhibits that petitioner is continuing to litigate her child custody dispute with Basine before the Red Cliff Tribal Court and that she is further pursuing an appeal from unspecified orders with that court system.  (Dkt. #3-6, at 5.)  To the extent that petitioner asks this court to intervene in ongoing litigation, abstention is typically required under *Younger v. Harris*, 401 U.S. 37, 46 (1971).  *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The

policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."); *S.P. ex rel. Parks v. Native Village of Minto*, 443 F. App'x 264, 265 (9th Cir. 2011) (affirming a district court's decision to abstain under *Younger* from hearing a dispute about whether a tribal court lacked jurisdiction to make a child custody determination); *Mesteth v. Odegard*, No. 4:23CV4135, 2024 WL 2371886, at *7 n.2 (D.S.D. May 23, 2024) (dismissing claims for injunctive relief as moot, but noting that "*Younger* abstention principles likewise would militate for this Court to abstain in favor of allowing a tribal court to adjudicate custody and visitation issues within its jurisdiction").  Relatedly, since litigation in the tribal court is ongoing, petitioner's claims are also barred by the "tribal exhaustion doctrine," which requires her to exhaust all tribal remedies, *including* exhausting opportunities for appellate review in tribal courts, *before* coming to federal court.  *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17 (1987).

Finally, and most importantly, as petitioner appears to acknowledge, even if jurisdiction in the tribal court is not appropriate, then child custody matters generally fall within the *exclusive* jurisdiction of *state* courts, over which only the United States Supreme Court would have discretionary review.  *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (recognizing a "domestic relations exception" to federal jurisdiction, which means that lower federal courts may not hear divorce, alimony, or child custody cases).

Since there is neither a valid basis for federal subject matter jurisdiction, nor any exception to the doctrines of abstention and tribal exhaustion, this action *must* be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Moreover, while the Seventh Circuit has cautioned against dismissing a pro se litigant's case without offering a

chance to amend the pleadings, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), since it is obvious that no amendment can save this court's lack of subject matter jurisdiction, no such offer will be afforded. Instead, this action will be dismissed without prejudice given that a federal writ of habeas corpus is not available to challenge parental rights or child custody matters. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis in original, citation and quotation marks omitted). Petitioner may, however, seek relief from the dismissal by filing an appropriate motion under Fed. R. Civ. P. 59(e) or 60(b).

ORDER

IT IS ORDERED that:

1) The petition for habeas corpus relief filed by petitioner Vanessa Rice on behalf of minor child K.J.B. (dkt. #1) is DISMISSED WITHOUT PREJUDICE as set forth above.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 9th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6